LOUIS B. HESSELBROCK, Respondent, *v.* DETMER WOOLEN COMPANY, Appellant.

First Department, May 6, 1927.

Contracts — contract of employment — action to recover ten per cent of increase in average profits over three years prior to execution of contract — defense of accord and satisfaction based on unliquidated character of plaintiff's claim is prima facie sufficient — allegations that accord was procured by fraud is matter of proof.

The plaintiff brings this action to recover on an agreement whereby he was employed for a period of ten years as general manager of several of defendant's branch stores. The agreement provided for a drawing account of $7,000 per annum, and in addition thereto ten per cent of the increase in profits for the year over the average profits for the three years preceding the execution of the contract. The defendant interposed the defense of accord and satisfaction. It was error for the court to strike out that defense, since it appears that the amount that the plaintiff could receive under the ten per cent clause was not definite and certain but depended upon a computation involving many items, and that plaintiff did actually receive payment which purported to be made under that provision of the contract.

The mere fact that the plaintiff contends that the payments so made were accepted upon false representations made by the defendant that the statement of profits submitted was correct, does not make the defense of accord and satisfaction insufficient. Whether or not the amounts were received by the plaintiff as the result of false representations is a matter for proof at the trial, and if proved, the defense of accord and satisfaction cannot prevail.

APPEAL by the defendant, Detmer Woolen Company, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of August, 1926, as grants plaintiff's motion for judgment on the pleadings to the extent of striking out the separate defenses and counterclaim in the answer.

*George W. Glaze,* for the appellant.

*Alfred R. Page,* for the respondent.

MARTIN, J. The defendant is a domestic corporation engaged in selling woolen goods and tailor's trimmings to tailors who carry

no stock. It maintains branch stores in various cities throughout the United States.

On March 30, 1914, the plaintiff and defendant entered into a written contract by the terms of which the plaintiff was employed for ten years, from July 1, 1914, to June 30, 1924, as general manager of its branch stores located in the cities of New York, Chicago, Boston and Kansas City, which were known as the Eastern Branch Stores. To each of these branch stores there was assigned all business of the defendant within certain territorial limits.

The contract provided that the plaintiff was to have a drawing account of $7,000 per annum, and, in addition, he was to receive at the end of each contract year, on June thirtieth, an additional amount equal to ten per cent of the increase in profits for the year over the average profits for the years 1912, 1913 and 1914. The amount of the profits was to be evidenced by a memorandum to be furnished by the company and prepared by its general auditor.

This action is brought to recover the sum of $607,392.88 and interest alleged to be due the plaintiff under the contract.

The defenses and a counterclaim set up in the answer were stricken out for insufficiency. At Special Term the first defense, one of accord and satisfaction, was held to be insufficient for failure to allege that the debt or liability was in dispute. Appellant insists that, as plaintiff was entitled to a percentage of profits, the liability was essentially unliquidated. It is pointed out that numerous questions must arise as to how the profits are to be calculated, the complaint itself alleging, for example, that certain taxes were erroneously deducted, that reserves were unreasonably large, that business was wrongfully eliminated from plaintiff's districts and other matters. On this conclusion as to the unliquidated character of plaintiff's claim is based the contention that the defense is sufficient as pleaded.

The plaintiff alleges that the amounts he accepted from the defendant as payment of the ten per cent of the profits were accepted upon false representations made by the defendant that the statements submitted were correct. This is denied and under the present practice the denial may be read as part of the defense. The defendant in effect alleges, therefore, that the statements were not incorrect or false, and that to a claim essentially unliquidated in character the settlements from time to time agreed upon and paid are a defense. The complaint itself is substantially to the effect that such settlements were agreed to and paid. Plaintiff seeks to avoid them on the score that they were induced by defendant's false statements or by mistake; but that there were *prima facie* a series of accords with satisfaction in each instance

is evident. It is also evident that the subject-matter was always such as to render the basis of computation a matter for agreement and not fixed in fact. To take any other view would be to cover up the actualities with the impractical generalization that plaintiff was to have " 10% of the increase in profits." Equally as far fetched would it be to say that a nicety of logical pleadings would require defendant to rest on its denial of falsity of representation.

That the statements were false or erroneous is a matter of proof. If this should be proved upon the trial, the defense of accord and satisfaction could not prevail; for the falsity or mistake would avoid the settlements. We are now considering the defense as a pleading. Whether it can be substantiated is a question for the trial.

In other respects the order was correct.

The order should be modified by denying plaintiff's motion for judgment on the pleadings so far as it seeks to strike out the first separate and distinct defense, and as so modified affirmed, without costs, with leave to defendant to serve an amended answer within twenty days from service of the order to be entered hereon upon payment of the costs awarded to plaintiff by the order appealed from.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Order so far as appealed from modified by denying motion so far as it seeks to strike out the first separate and distinct defense, and as so modified affirmed, without costs, with leave to defendant to serve an amended answer within twenty days from service of order upon payment of the costs awarded to plaintiff by the order appealed from.